Filing # 53644144 E-Filed 03/13/2017 02:38:33 PM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

THE SCHOOL BOARD OF MIAMI-DADE
COUNTY, FLORIDA

Plaintiff,

v. CASE NO.: 2017-006046-CA-01

GREAT AMERICAN INSURANCE
COMPANY,

Defendant.

_______________________________________/

**COMPLAINT**

Plaintiff, The School Board of Miami-Dade County, Florida (the "School Board"), files this Complaint against Defendant, Great American Insurance Company ("Great American"), and alleges:

1. This is an action for breach of contract for damages in excess of $15,000.00 excluding attorney's fees, interest, and costs.

2. The School Board is a political subdivision of the State of Florida and is located in Miami-Dade County, Florida.

3. Great American is an Ohio corporation that is authorized to and does conduct business throughout the State of Florida and that did business in Miami-Dade County, Florida.

4. The Court has personal jurisdiction over Great American because Great American contracted to insure a risk located in Florida, breached a contract in the State of Florida by failing to perform acts required by the contract to be performed in the State of Florida and/or engaged in substantial and not isolated activity within the State of Florida.

5. Venue is proper in this county because the contract at issue was to be performed in Miami-Dade County and the School Board's cause of action accrued in Miami-Dade County.

Exhibit "A"

6. All conditions precedent to the maintenance of this action have been performed, have occurred or have been waived.

7. The School Board entered into a construction contract that contained general conditions (collectively the "Contract") with Zurqui Construction Service, Inc. ("Zurqui") for the construction of a new three story building at the Bob Graham Education Center located at 15901 NW 79th Avenue, Miami Lakes, Florida (Project No. 00731700) (the "Project"). A true and correct copy of the Contract is attached hereto as Exhibit "A" and is incorporated by reference as though set forth herein.[1]

8. Zurqui obtained a performance bond from Great American as required by Section 255.05, Florida Statutes (the "Bond"). A true and correct copy of the Bond is attached hereto as Exhibit "B" and is incorporated by reference as though set forth herein.

9. Pursuant to the express language of the Bond, all terms of the Contract are incorporated into the Bond by reference.

10. Zurqui failed to perform the Project work correctly, completely or timely. The School Board notified Zurqui and Great American about the numerous issues with regard to Zurqui's deficient performance on the Project.

11. On January 11, 2013, the School Board provided notice to Zurqui and Great American that the School Board was electing to complete specific items of Project work pursuant to Article 2.4.1 of the Contract.

12. Article 2.4.1 states:

> If Contractor defaults or neglects to carry out the Work properly and diligently in substantial accord and compliance with the Project Schedule(s) furnished to and acceptable to A/E, or if Contractor fails or refuses to carry out the Work in accordance with the Construction

[1] The full Contract contains additional documents which are too voluminous to attach as an exhibit to the Complaint. The remaining documents that comprise the full Contract will be provided through discovery.

> Documents, Board reserves the right to notify Contractor, in writing, listing the specific items to be performed and the time in which performance is to be accomplished and, if not performed or proceeded with within the time specified, Board may, without prejudice to other remedies Board may have, take over the Work or such portion thereof as may be in default, and correct and make good the deficiencies. In such case, the cost thereof including compensation for A/E's additional services and expenses made necessary by such default, neglect or failure, may be deducted from any amount due or to become due Contractor from Board. If payments then or thereafter due Contractor are not sufficient to cover such amounts, Contractor or surety shall pay the difference to Board.

13. Therefore, Great American is obligated to pay the School Board for the excess costs in completion of the enumerated items completed by the School Board.

14. Great American has failed and refused to pay the School Board for the costs incurred by the School Board. Great American's failure to pay the School Board's excess costs is a breach of the Bond.

15. As a result of Great American's breach of the Bond, the School Board has been damaged.

16. The School Board has hired the undersigned counsel to represent it in this action and has agreed to pay them a reasonable fee for their services, for which Great American is liable pursuant to Florida law, including but not limited to section 627.428, Florida Statutes.

WHEREFORE, Plaintiff, The School Board of Miami-Dade County, Florida demands judgment against Defendant, Great American Insurance Company, for damages in excess of $15,000.00 in addition to attorneys' fees, costs and interest, and such further relief as the Court deems just and proper.

**Plaintiff's Demand For Jury Trial**

The School Board demands a jury trial of all issues so triable.

Respectfully submitted,

/s/ Alejandro Espino
Alejandro Espino, BCS
Florida Bar No. 114431
Daniel R. Vega, BCS
Florida Bar No. 148120
Daniel Jovanov
Florida Bar No. 106422
Taylor Espino Vega & Touron, P.A.
55 Merrick Way, Suite 406
Coral Gables, FL 33134
Telephone: (305) 441-9355
Telefacsimile: (305) 441-0051
AEspino@TEVTLaw.com
DVega@TEVTLaw.com
DJovanov@TEVTLaw.com
JDelgado@ TEVTLaw.com
tevtservice@gmail.com

Attorneys for The School Board of Miami-Dade County, Florida